**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher SCHULZE, Defendant–
Appellant. .**

No. 12–2051–cr.

United States Court of Appeals,
Second Circuit.

March 28, 2013.

David A. Lewis, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Marcia S. Cohen, (Katherine Polk Failla, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Christopher Schulze appeals from the judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*), sentencing him to 262 months' imprisonment after he pleaded guilty to attempting to solicit a minor to engage in sexual acts and to possessing child pornography. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[A] district court's decision not to grant a defendant a section 3E1.1 adjustment [for acceptance of responsibility] is 'entitled to great deference on review.'" *United States v. Taylor*, 475 F.3d 65, 68 (2d Cir.2007) (quoting U.S.S.G. § 3E1.1 cmt. n. 5). "Whether a defendant has carried his burden to demonstrate acceptance of responsibility is a factual question on which we defer to the district court unless its refusal to accord such consideration is without foundation." *United States v. Broxmeyer*, 699 F.3d 265, 284 (2d Cir. 2012) (internal quotation marks omitted) (citing *Taylor*, 475 F.3d at 68).

1. Judge Preska's finding that Schulze had not accepted responsibility was based on a thoughtful analysis of the circumstances of the case, including instances in which Schulze claimed that he thought he had been "role playing" with an adult. We therefore reject Schulze's argument that Judge Preska's finding was "without foundation."

2. That Judge Robinson concluded that Schulze was entitled to the acceptance-of-responsibility adjustment at the first sentencing is of no matter. "[W]hen a sentence has been vacated, the defendant is placed in the same position as if he had

never been sentenced." *United States v. Maldonado,* 996 F.2d 598, 599 (2d Cir. 1993) (per curiam).

For the foregoing reasons, and finding no merit in Schulze's other arguments, we hereby **AFFIRM** the judgment of the district court.